## BATEMAN *v.* BATEMAN.

LUMPKIN, J.  1. The following written contract was entered into: "This contract, entered into the date above written, between Chas. L. Bateman, party of the first part, and J. A. Goggins and O. C. Bateman, parties of the second part, witnesseth, that Chas. L. Bateman, party of the first part, agrees to sell J. A. Goggins and O. C. Bateman, parties of the second part, all pine timber down to (13) thirteen inches in diameter and all oak and poplar timber that will square 15 inches and all dogwood timber of merchantable size, on his plantation in the sixth district of Crawford Co., Ga., for the sum of fifteen hundred ($1500.00) dollars, and payments to be made and half of each bill of lumber as sold except such bills as C. L. Bateman, party of the first part, may see proper to have sawed for himself, and price of such bills shall be one ($1.00) dollar per hundred for any class, and same to be credited on above account.  J. A. Goggins and O. C. Bateman, parties of the second part, agree to pay $1500.00 for timber as above stated and on terms as stated, and to furnish lumber for bills as stated above for C. L. Bateman, party of the first part." (Signed by the three parties.)  The evidence disclosed that one of the purchasers agreed with the other to furnish the mules and log-carts, that the other was to pay for the work, and that each was to have an interest in the proceeds, the amount of which was not distinctly disclosed.  *Held*, that the purchasers were liable as partners; and the fact that one of them collected the proceeds of certain sales and ran away, without accounting to his partner, furnished no ground of defense to the latter, in a suit on the contract.

2. Suit was brought by the vendor upon the contract set out in the preceding headnote.  It was alleged, that the vendees had cut, sawed, and sold more of the timber than was required to pay the plaintiff in accordance with the contract; that he had demanded of them one half of the proceeds of each shipment of lumber made by them, and also one half of the proceeds of the lumber sold by them to parties in the locality; that they had refused to pay him such sums, and also finally refused to cut and saw any more of the timber; that he had received only $818.36, leaving a balance of $681.64 still due.  *Held*, that in such a suit it was erroneous to charge as follows: "As to the payment for lumber sold and delivered to other parties, the plaintiff contends that the truth of the case is, that the defendants have never paid for lumber sold to other parties, according to the terms of the contract, but that upon approaching Goggins and Bateman, that on every occasion when he tried to get any money out of them on their contract, that they complained that they were making no money, and used all of their receipts for sales to pay off their hands and they could not give up to him one half of the money.  If you believe that to be the truth of the case, under the evidence, then that created a breach on the part of the defendants of their duty toward the plaintiff to pay to the plaintiff one half; and I charge the jury that if a breach at that time occurred under the contract, because of a refusal of the defendants to pay the money due by the contract upon the sales of various bills of the parties from time to time of the lumber sawed from this place, and the defendants refused to make

any statement showing what was the amount received from those bills, that constituted such a breach of the contract that entitled the plaintiff to claim that his entire bill was due for the amounts of timber sold, and the reason for that is that the knowledge of the quantity of lumber sawed and knowledge of the amounts of the bills, and the party by whom those bills were owed to the defendants, Goggins and Bateman,—therefore, if, having that knowledge of the amount that they owed the plaintiff those sums, withheld from him the information upon which he would base his claim for that, the law, would hold the entire sum was due at once. To illustrate what I mean, if you hire a man on a farm to work for two hundred dollars a year, and he stays six months and runs away, without any fault on your part, he is not entitled to recover a dollar, for he has made a breach of the entire contract. On the other hand, if you hire a man to work for two hundred dollars a year and he renders proper service, and without just cause he is run off from the place, he can wait until the end of the year and recover the whole twelve months wages. Why? Because there is a breach of the contract without fault on his part."

3. Under such a suit it was also error to charge as follows: "Where, however, a contract has no specified time within which the payments were to be made, but were to be made out of certain sales, and plaintiff shows the sales have been made, and there is nothing from the evidence in the case in consequence of the refusal of the defendants to make a disclosure, either from inability or other cause, but there is a breach of the contract in reference to that matter by the defendants in the case, so that the plaintiff has no way of ascertaining within what time his money is due, then the result of that breach on the part of the defendant is to give to the plaintiff the right of action for the entire amount due upon the contract for the purchase of the timber; and therefore I charge the jury in this case, if you believe that although Goggins and Bateman had a right under the contract not to be called upon to pay, except as there were sales of bills of lumber sawed on this land, the law holding they would have a reasonable time within which to saw the timber from the land and sell it, and that having that right they sawed the timber or a considerable portion of it, and upon request of C. L. Bateman to make a showing and settle for such lumber as they had sawed, and they failed and refused to do it, so that he, Bateman, was left in ignorance, and without any means of ascertaining the amount of his timber they had sawed, and the prices at which they had sold it, so that he was not in a position of knowing from them, through their concealment of those facts, then as far as he is concerned the law would give him the right of action to recover the entire amount due, except as they were entitled to credit."

(a) The doctrine of anticipatory breach of contract, where one party to a contract involving mutual obligations repudiates it before the time of performance has arrived, was not involved in the case as laid by the plaintiff. Neither was the rule involved that one who enters into an entire contract, and abandons it after only part performance, is not entitled to recover on the contract at all.

(b) The fact that a plaintiff finds it difficult to prove his case as alleged, or to have an accounting and show the amount of timber which has been cut and sold by the defendants, because he is in ignorance of the actual amount cut and the prices thereof, and does not have the means of ascertaining it, will not authorize him to recover on a basis different from that on which he has sued.

*Judgment reversed. Beck, J., absent. The other Justices concur.*

AUGUST 11, 1910.

Complaint. Before Judge Felton. Houston superior court. May 7, 1909.

*H. A. Mathews* and *W. D. & Custis Nottingham,* for plaintiff in error. *Oliver C. Hancock,* contra.